TILMON, COUNTY ADMINISTRATIVE ASSISTANT, *v.*
ADKISSON, AGENT.

4-6775                                                  162 S. W. 2d 903

Opinion delivered June 1, 1942.

*Sam Rorex* and *J. E. Lightle, Jr.,* for appellant.
*R. W. Robins,* for appellee.

MEHAFFY, J. The appellee, Mrs. G. W. Adkisson, agent, brought suit in the chancery court of Faulkner county against Joe McCuin and Wayne Tilmon, county administrative assistant. She alleged that Joe McCuin was indebted to her and, for a valuable consideration, agreed to indorse and deliver to her a certain rental check drawn by the United States Government in favor of the defendant; that said rental check had been duly issued by the United States Government and was now in the hands of the defendant, Wayne Tilmon, county administrative assistant, who is threatening to deliver said check to the defendant, Joe McCuin; that McCuin was threatening to cash the same and not deliver same to plaintiff. She alleged that McCuin was indebted to her in the sum of $258.91 upon a certain promissory note. A copy of the note was attached and made part of the complaint; that McCuin is insolvent and has no property out of which she can collect said indebtedness and if the check is turned over to the defendant, he will cash same and fail and refuse to pay the plaintiff, and the plaintiff will thereby suffer irreparable injury and damage, and she has no adequate remedy at law. The amount of said check payable to McCuin is in the hands of Wayne Tilmon and is in the amount of $72.80.

A temporary restraining order was issued and served, and the appellee then filed an amendment to her complaint and alleged that the check was issued by Secretary of Agriculture or some other agent of the Federal Government and is a negotiable bill drawn on the United States Treasury payable to the order of Joe McCuin and was in payment of the amount due to said defendant from the federal government in compliance with the conservation program of the federal government by said defendant while a tenant on plaintiff's farm in Faulkner county during 1940. All the work to be done by defendant McCuin for which said check represents payment has been performed in full and accepted by the government officials who have determined that said amount is due to Joe McCuin. The defendant, Wayne Tilmon, as administrative agent, has no interest or control over the proceeds of said check and does not have any discretion or power

with reference to said check or the proceeds thereof. Said check has been sent to the defendant, Tilmon, and is in his hands solely for the purpose of delivering same to Joe McCuin.

Joe McCuin did not appear or answer and there is no dispute about the indebtedness and no dispute about the fact that the work was done and accepted by the government, for which the check was issued.

Defendant, Wayne Tilmon, county administrative agent, filed a motion to dismiss, alleging first that the Secretary of Agriculture of the United States is a necessary and indispensable party and has not been made a party thereto; second, that this action contravenes the statutes of the United States, to-wit: 16 U.S.C.A. 590h; third, the complaint does not state facts sufficient to constitute a cause of action against this defendant; fourth, the court is without jurisdiction over the subject-matter of this action; and fifth, that the court does not have jurisdiction over this defendant in his official capacity as county administrative assistant.

The court entered the following decree: "Now on this day comes the plaintiff, Mrs. G. W. Adkisson, agent, by her solicitor, R. W. Robins, and comes the defendant, Wayne Tilmon, county administrative assistant, by J. E. Lightle, Jr., assistant United States attorney for the Eastern District of Arkansas, and the defendant, Joe McCuin, comes not, though duly served with process herein for the time and in the manner prescribed by law, and this cause coming on to be heard upon the motion to dismiss filed herein by the defendant, Wayne Tilmon, county administrative assistant, and being well and sufficiently advised, it is by the court considered, ordered, adjudged and decreed that the said motion to dismiss be and the same is hereby overruled, and the said defendant, Wayne Tilmon, county administrative assistant, electing to stand upon said motion and declining to plead further herein, it is by the court considered, ordered, adjudged and decreed that the plaintiff do have and recover of and from the defendant, Joe McCuin, the sum of $258.91 and all costs of this suit, and that the defendant, Wayne Tilmon, county administrative assistant, be

and he is hereby ordered, enjoined and required to deliver to the clerk of this court, for the plaintiff, the check for $72.80 heretofore issued by the Secretary of Agriculture of the United States, or his agents, payable to the defendant, Joe McCuin, and the defendant, Joe McCuin, is hereby ordered, enjoined, and required to indorse said check, and the clerk of the court will thereupon deliver same to the plaintiff, and the proceeds of said check, when collected by the plaintiff, shall be credited upon the judgment against the defendant, Joe McCuin, herein; and the plaintiff may have execution or other process upon this judgment as upon a judgment at law.

"The defendant, Wayne Tilmon, county administrative assistant, excepted and objected to the above ruling of the court, and to the foregoing decree, and prayed an appeal therefrom to the Supreme Court of Arkansas, which was granted. Entered this 6th day of September, 1941."

The case is here on appeal.

The defendant, McCuin, did not answer and did not claim that he did not owe the indebtedness mentioned in plaintiff's complaint. In fact, it is conceded that he owes the debt and that he was given the check in payment of work which he had completed and which had been accepted by the government. There is no claim by the government or any of its agents that it or any of its agents have any interest in the check or in this controversy. The appellant, Tilmon, does not claim any interest and does not claim that he has any duty to perform with reference to the check, except to deliver it to McCuin.

It is first contended by the appellant that the remedy sought expressly contravenes the federal statutes. We do not think it contravenes any federal statute or any decision of the United States court.

Appellant not only claims this contravention of the statutes, but he calls attention to the case of *Graves Bros., Inc., v. Lasley,* 190 Ark. 251, 78 S. W. 2d 810, contending that that case prevents the maintenance of this suit. The facts in that case are so unlike those in the case at bar that it really is no authority for this case. However, the

court there said: "The courts commonly concur in holding that public policy forbids any interference between the court and its contractor under such circumstances if the work is still in progress, for the interferences would tend to retard the occupancy of the building. But here the complaint alleges that the work has been completed. There is no longer any public interest to be subserved by withholding payment from the contractor, and no reason for withholding the debt from the reach of the remedy in this sort of proceeding."

Appellant also calls attention to the case of *Federal Land Bank of St. Paul* v. *Bismarck Lbr. Co.*, 314 U. S. 94, 62 S. Ct. 1, 86 L. Ed. *. That case involved the validity of a sales tax on the Federal Bank by the State of North Dakota, and the court said: "Through the land banks the federal government makes possible the extension of credit on liberal terms to farm borrowers. As part of their general lend-functions, the land banks are authorized to foreclose their mortgages and to purchase the real estate at the resulting sale. They are 'instrumentalities of the federal government, engaged in the performance of an important governmental function.' *Federal Land Bank* v. *Priddy*, 295 U. S. 229, 55 S. Ct. 705, 79 L. Ed. 1408; *Federal Land Bank* v. *Gaines*, 290 U. S. 247, 54 S. Ct. 168, 78 L. Ed., 298. The national farm loan associations, the local co-operative organizations of borrowers through which the land banks make loans to individuals, are also federal instrumentalities."

It is unnecessary to review all the authorities cited. We know, however, of no statute or decision of the court that prohibits a suit of this character. Numbers of the authorities are reviewed in the cases above cited. In the case of *Federal Land Bank* v. *Priddy, supra,* this court said: "The second contention of petitioner in support of its request for writ of prohibition is that the Federal Land Bank of St. Louis, Missouri, is an instrumentality of the government of the United States, and that on that account its property is not subject to attachment. In the act authorizing the creation of said banking corporation, there is no limitation or restriction against reaching its property by attachment. We know of no law prevent-

---

* Page not available at time of going to press.

ing levy by attachment against the property of corporations created by act of Congress except preventing attachment against the property of national banks before judgment is obtained against them.''

It is next contended that the Secretary of Agriculture of the United States was a necessary and indispensable party. There seems to be no reason why the Secretary of Agriculture should be made a party. He does not claim any interest, has not asked to be made a party, and it is conceded that neither the United States nor any of its agencies had or claimed to have any interest.

We find no error, and the decree is affirmed.